**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **VELZO HARRISON,** | ) |
| | ) |
|           **Petitioner,** | ) |
| | ) |
| v. | )   Case No. CIV-09-1145-R |
| | ) |
| **GREG WILLIAMS,** | ) |
| | ) |
|           **Respondent.** | ) |

**ORDER**

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts [Doc. No. 5] and Petitioner's Objection to the Report and Recommendation [Doc. No. 7]. Pursuant to 28 U.S.C. § (b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objection.

Petitioner continues to assert in his Objection that prison officials' failure to hold his disciplinary hearing within seven (7) working days after Petitioner received a copy of the offense report, as required by DOC policy, constituted a violation of due process because either the prison policy itself created a liberty interest or because the punishment imposed upon Petitioner as a result of the disciplinary proceeding included forfeiture of 365 earned credits and placement in earned credit level one for 90 days. Petitioner states that the Supreme Court in *Sandin v. Conner*, 515 U.S. 472, 484, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), recognized that "when a state creates a liberty interest through prison regulations and the regulation has some effect on the duration of a offender's sentence that interest is protected by the due process clause." Objection at p. 8. Petitioner also asserts that he has

exhausted all available state court remedies because Okla. Stat. tit. 57, § 564.1 does not provide a remedy for the subject of Plaintiff's claim.

A prisoner must be afforded due process prior to the revocation of his earned credits, *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996), and must also be afforded due process prior to reduction of credit earning class in a manner that will inevitably affect the duration of his sentence, *see Wilson v. Jones*, 430 F.3d 1113, 1120 (10th Cir. 2005)(citing *Sandin*). But the process that is due before such liberty interests can be impacted or deprived as a result of a prison disciplinary proceeding is that required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in the prison setting, as articulated in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), *see Wilson v. Jones*, 430 F.3d at 1124, not the precise process for which prison regulations provide. *See Lusero v. Welt*, 223 Fed. Appx. 780, 783, 2005 WL 5302913 at *3 (10th Cir. Mar. 27, 2007)(when a protected liberty interest is implicated, the process which is due is measured by the Due Process Clause, not by prison regulations)(citing cases). Prison regulations themselves do not create enforceable procedural rights. *See Estate of DiMarco v. Wyoming Department of Corrections*, 473 F.3d 1334, 1341 (10th Cir. 2007).

As the Magistrate Judge correctly concluded, Petitioner received all the process that was due to him, Report and Recommendation at p. 5, and failure to adhere to the 7-day hearing requirement of prison policy does not amount to a constitutional violation because the prison policy neither creates a liberty interest nor defines the process due before a liberty interest can be impacted or deprived. *See id*. at p. 7. Therefore, the Court need not address Petitioner's assertion that he exhausted all state court remedies.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 5] is ADOPTED and the petition for a writ of habeas corpus [Doc. No. 1] is DISMISSED for failure to state a claim for habeas relief.

IT IS SO ORDERED this 18th day of November, 2009.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE